IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Silvestre Brambila, | : | Criminal No. 2:05-cr-152-1 |
| | | (Civil Case No. 2:11-cv-0580) |
| Petitioner | : | |
| v. | : | Judge Graham |
| United States of America, | : | Magistrate Judge Abel |
| Respondent | : | |

# Report and Recommendation

Petitioner Silvestre Brambila, a federal prisoner, brings this action for writ of habeas corpus under 28 U.S.C. §2255. This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2255 Cases in United States District Courts.

On June 9, 2006, petitioner Silvestre Brambila pleaded guilty to conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and possession of a firearm in furtherance of a drug trafficking . On April 18, 2007, he was sentenced to a term of 180 months imprisonment for the conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and to 60 months in prison for possession of a firearm in furtherance of a drug trafficking (doc. 341).

He appealed the sentence. On May 28, 2008, the United States Court of Appeals for the Sixth Circuit affirmed the sentence, except that it held that the

sentencing judge erred by staying imposition of supervised release until petitioner re-entered the United States. On May 28, 2008, the Court of Appeals remanded for modification of the imposition of supervised release to provide that supervised release began when petitioner had served his sentence (doc. 349). On June 24, 2008, the Court entered an amended judgment conforming with the decision of the Court of Appeals (doc. 351).

Petitioner maintains that his sentence is invalid under *Apprendi v. New Jersey,* 530 U.S. 466 (2000). However, his sentence was imposed nearly six years after *Apprendi*. He could have raised any *Apprendi* challenge at sentencing and on appeal. Although the petition alleges ineffective assistance of trial counsel, it does not allege ineffective assistance of appellate counsel. Further, the petition does not allege that counsel was ineffective for failing to argue that the sentence violated *Apprendi.*

There is a one-year period of limitations on motions by prisoners seeking to modify their federal sentences:

> The limitation period shall run from the latest of--
>   (1) the date on which the judgment of conviction becomes final;
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6. Petitioner Brambila did not file his petition for habeas corpus under 28 U.S.C. § 2255 until June 30, 2011. His conviction became final August 26, 2008, 90 days after the Sixth Circuit's May 28, 2008 decision affirming his sentence.[1] His petition, filed almost three years later, is barred by the statute of limitations.

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED for failure to file the petition within the one-year period of limitation created by 28 U.S.C. §2244(d)(1).

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

---

[1] Petitioner had ninety days to file a petition for writ of *certiorari* to the United States Supreme Court. His conviction became final upon expiration of that time. *Nichols v. Bowersox,* 172 F.3d 1068, 1072 (8th Cir. 1999)(*en banc*).

The Clerk of Court is DIRECTED to mail or email a copy of this Order to the United States Attorney for the Southern District of Ohio.

s/Mark R. Abel  
United States Magistrate Judge
