**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SILVESTRE BRAMBILA,**

    **Petitioner,**                       **CASE NO. 2:11-CV-580
                                                     CRIM. NO. 2:05-CR-152(1)**
    **v.**                                      **JUDGE GRAHAM
                                                     MAGISTRATE JUDGE ABEL**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**OPINION AND ORDER**

On July 8, 2011, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts recommending that the instant motion to vacate, set aside or correct sentence be dismissed as barred by the one-year statute of limitations. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.* For the reasons that follow, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of this action as time-barred. Petitioner contends that equitable tolling of the statute of limitations is appropriate because his attorney committed serious misconduct by failing to advise him regarding the filing of a motion under 28 U.S.C. § 2255, failing to file an appeal, and failing to file his § 2255 petition. Additionally, Petitioner contends the lack of Spanish legal material in the prison's law library or services of a translator caused him to be unable to timely file his habeas corpus petition. Petitioner asserts he was diligent in pursuing relief. Finally, Petitioner asserts that his convictions and sentence constitute a manifest miscarriage of justice, and that his actual innocence justifies equitable tolling of the statute of limitations.

"[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id*. at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S .Ct. 1723, 80 L.Ed.2d 196 (1984)("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

*Jurado v. Burt*, 337 F.3d 638, 642-43 (2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*, at 643, citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988).

Equitable tolling of the statute of limitations may be appropriate based on gross attorney malfeasance, so long as the petitioner was diligent in pursuing his claims. *See United States v. Martin*, 408 F.3d 1089, 1095-96 (8th Cir. 2005)(defendant's reasonable reliance on attorney

misrepresentations and "egregious attorney misconduct" warranted equitable tolling of the statute of limitations); *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003) (same); *Baldayaque v. United States,* 338 F.3d 145, 152 (2d Cir. 2003) (only outrageous behavior and incompetence will toll one-year statute of limitations); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (deception by attorney, which was reasonably relied on by the petitioner, indicating that a timely § 2255 motion had been filed on the petitioner's behalf warrants equitable tolling of the statute of limitations); *Dial v. Beightler*, 689 F.Supp.2d 906, 908 2010 WL 715689 (N.D. Ohio February 22, 2010)(equitable tolling of the statute of limitations appropriate where the Ohio Supreme Court had permanently disbarred defense counsel, in part due to his misconduct in the petitioner's case, because counsel had abandoned the case, "'lied about having completed legal work,'" and failed to return the criminal file, requiring the petitioner to expend much additional time and effort locating and purchasing documents, including his trial transcript)(citation omitted). Petitioner does not allege, nor does the record reflect, that such were the circumstances here.

Likewise, the record fails to reflect Petitioner is actually innocent so as to justify equitable tolling of the statute of limitations.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." FN5 Id. at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct.

> 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). The record fails to reflect such circumstances here.

Moreover, a prison's failure to provide legal materials printed in foreign languages or services of translators do not provide a basis for equitable tolling of the statute of limitations:

> Were . . . Court[s] to allow equitable tolling because of asserted language difficulties, AEDPA's time requirement would essentially be eviscerated for all petitioners claiming to be non-English speaking. Such a result is contrary to common sense." *Cortez v. Petrovsky,* No. 803CV1482T30MSS, 2006 WL 289113, *1-2 (M.D.Fla. Feb.7, 2006) (failure to provide Spanish speaking interpreters to non-English speaking inmates in the Florida prisons does not warrant equitable tolling); *see also Fennell v. Artuz*, 14 F.Supp.2d 374, 377 (S.D.N.Y.1998) (tolling the statute of limitations for prisoners while they learn English and educate themselves in the law, would defeat the limiting purposes of AEDPA). Petitioner is not entitled to equitable tolling for his lack of a Spanish-speaking interpreter. *See Nguyen v. Golder,* 133 F. App'x 521, 523-24 (10th Cir.2005) (lack of Vietnamese translator did not warrant equitable tolling); *Huang v. United States,* Nos. 03 Civ. 3755(RPP), 91 Cr. 827(RPP), 2003 WL 22272584 (S.D.N.Y. Oct. 2, 2003) (lack of Chinese interpreter failed to warrant equitable tolling). Complaining about the lack of Spanish speaking interpreters is similar to complaining about an inadequate law library, unfamiliarity with the legal process, lack of representation, or illiteracy. *Hurtado v. Cockrell,* No. 3:02-cv-0778-M, 2002 WL 32438776, *5 (N.D.Tex.2002).

*Ramirez v. Prelesnik*, 2009 WL 465622, at *2 (W.D. Mich. Feb. 24, 2009).

Further, Petitioner is charged with constructive knowledge of the one-year filing requirement in habeas corpus cases, and it would not have been reasonable for him to remain ignorant of the

4

knowledge of the one-year filing requirement in habeas corpus cases, which has been in effect since 1996.  See *Hines v. Brunsman,* 2010 WL 750176, at *16 (N.D. Ohio Feb.26, 2010)(citations omitted).  Lack of actual notice or "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir. 1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra,* 197 F.3d at 218.

> [W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness[.]

*Johnson v. United States,* 544 U.S. 295, 311 (2005).  Contrary to Petitioner's allegation here, the record fails to reflect he was diligent in pursuing his claims.  As noted by the Magistrate Judge, Petitioner waited almost three years after his conviction became final to file his habeas corpus petition.

5

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review.  For these reasons and for reasons discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action hereby is **DISMISSED** as barred by the one-year statute of limitations.

**IT IS SO ORDERED.**


Dated: September 28, 2011                                                        s/James L. Graham
                                                                                                 JAMES L. GRAHAM
                                                                                                 United States District Judge