IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SILVESTRE BRAMBILA,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 2:16-CV-00617
CRIM. NO. 2:05-CR-00152
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

Petitioner, a federal prisoner, brings the instant *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 377.)  This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, this action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner asserts that his convictions under 18 U.S.C. § 924(c) are void under *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015).

On June 9, 2006, Petitioner pleaded guilty to conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and possession of a firearm in furtherance of drug trafficking.  On April 18, 2007, the District Court sentenced Petitioner to a term of 180 months imprisonment for the conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and to 60 months in prison for possession of a firearm in furtherance of drug trafficking. (ECF No. 341.)  On May 28, 2008, the United States Court of Appeals for the Sixth Circuit affirmed the District Court's judgment, except that it held that the sentencing judge erred by staying imposition of supervised release until Petitioner re-entered the United States.  (ECF No.

349.) On June 24, 2008, the Court entered an *Amended Judgment* conforming with the decision of the Court of Appeals. (ECF No. 351.) On June 30, 2011, Petitioner filed a *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 357.) On September 28, 2011, the Court dismissed the action as barred by the one-year statute of limitations. (ECF No. 361.) On May 8, 2012, the Sixth Circuit denied Petitioner's application for a certificate of appealability. (ECF No. 365.) On January 8, 2015, the Court granted Petitioner's *Motion to Reduce Sentence*, reducing his sentence to 151 months imprisonment. (ECF No. 373.)

On June 27, 2016, Petitioner filed the instant *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 377.) Petitioner asserts that his convictions under 18 U.S.C. § 924(c) are void, because the statute is unconstitutionally vague in view of *Johnson*. Plainly, however, this action constitutes a successive § 2255 motion.

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Where a district court determines that a motion to vacate constitutes a successive motion, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), that court lacks jurisdiction to entertain the motion to vacate unless the court of appeals has authorized the filing. Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Because petitioner filed an earlier motion to vacate, the *Motion to Vacate under 28 U.S.C. § 2255* presently before the Court constitutes a second or successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer

the matter to the Sixth Circuit for authorization to consider the *Motion to Vacate under 28 U.S.C. § 2255* (Doc. 85.)

The Court of Appeals will grant leave to file a successive motion to vacate only if the motion presents

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Therefore, the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 377) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

**IT IS SO ORDERED.**

Date: July 12, 2016 \_\_\_\_\_s/James L. Graham\_\_\_\_
JAMES L. GRAHAM
United States District Judge